UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DARREN HIGHTOWER,

                              Petitioner,

     -against-                                                    9:24-CV-367 (LEK)

THE STATE OF NEW YORK,

                              Respondent.

_____

## MEMORANDUM-DECISION AND ORDER

### I.     INTRODUCTION

Petitioner Darren Hightower seeks federal habeas relief pursuant to 28 U.S.C. § 2241. Dkt. No. 1 ("Petition"). On March 20, 2024, the Court administratively closed this action for Petitioner's failure to properly commence it. Dkt. No. 2. Petitioner timely submitted a certified application to proceed *in forma pauperis* ("IFP"), Dkt. No. 3, which the Court granted, Dkt. No. 5. For the reasons that follow, the Petition is dismissed as premature.

### II.    BACKGROUND

Petitioner challenges his pretrial detention with state authorities[1] for criminal charges of rape, criminal sex act, resisting arrest, and criminal contempt, which were allegedly charged on or around February 29, 2024. Pet. at 1–2.

Petitioner argues that he is entitled to federal habeas relief on four separate grounds. First, Petitioner alleges either that probable cause was lacking for his arrest or that he should be

---

[1] The proper respondent for a petition pursuant to 28 U.S.C. § 2241 is the director or warden of the detention facility where a petitioner is incarcerated, since they are the individual "with the ability to produce [the petitioner's] body before the habeas court." Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). Petitioner is presently housed at Onondaga County Justice Center. See Pet. at 1. Therefore, the correct respondent is Sheriff Tobias Shelley.

1

released on bail, claiming that there must be "[e]nough evidence to hold [an] inmate" in pre-trial detention. Id. at 6. Second, Petitioner alleges that the state's evidence is insufficient because their witness in this case is "not credible." Id. Thus, according to Petitioner, "THE STATE OF NEW YORK has no standing" to prosecute this case. Id. Third, Petitioner argues that the trial court is unable to "produce [a] jury of [petitioner's] peers because all juries are selected from a pool of registered voters [and] once registered their natural ability to comprehend natural law has been dissolved and turned into fiction." Id. Fourth, Petitioner challenges the trial court's authority over his pending criminal action under to the "[r]ights of subrogation." Id. at 7. Petitioner has not yet challenged his charges or detention, nor has he alleged any constitutional violations in state court or sought any other administrative remedy. See id. at 2–7.

Petitioner requests that the Court release him immediately from pretrial detention. See id. at 7.

## III.   DISCUSSION

"Section 2241 provides that 'the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions may grant a writ of habeas corpus to a petitioner 'in custody in violation of the Constitution or laws or treaties of the United States.'" Blanchard v. New York, No. 18-CV-448, 2018 WL 2324054, at *2 (N.D.N.Y. May 22, 2018) (quoting 28 U.S.C. § 2241). However, "State prisoners . . . must bring challenges both to the execution of a sentence and to underlying convictions under [S]ection 2254." Id. (citing Cook v. New York State Div. of Parole, 321 F.3d 274, 278 (2d Cir. 2003)). Both Section 2254 and Section 2241 generally require a petitioner to exhaust available state remedies. See Blanchard, 2018 WL 2324054, at *2 (concluding that the petition was premature under either statute when it was "not entirely clear whether the petition [was] properly brought pursuant to [S]ection 2254 or

[S]ection 2241"). However, there are some exceptions to Section 2241's exhaustion requirement. See Wilkes v. Lamont, 511 F. Supp. 3d 156, 167 (D. Conn. 2020) ("Failure to exhaust state remedies may be excused under [S]ection 2241 if doing so would be futile, if state remedies are inadequate, or if pursuing state remedies would cause [the pro se litigant] undue prejudice.").

Petitioner filed his Petition pursuant to Section 2241, but since Petitioner challenges his detention with state authorities, the Petition is better brought under Section 2254. Under either statute, the Petition is premature because Petitioner has not exhausted state court remedies. See Blanchard, 2018 WL 2324054, at *2; see also Harrison v. Wolcott, No. 20-CV-6270, 2020 WL 3000389, at *2 (W.D.N.Y. June 4, 2020) (concluding that exhaustion is required pursuant to either statute). Petitioner states that he has not filed any other petition or grievance related to his detention. See Pet. at 2, 5. Even construing the Petition liberally, Petitioner has not explained why his claims could fall within these exceptions to exhaustion. Accordingly, the Court dismisses the Petition without prejudice as premature for failure to exhaust state remedies. Petitioner may re-file any claims not related to dismissal of his pending state prosecutions once Petitioner's claims have been fully exhausted and the state court proceedings have concluded.

IV.    **CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that the Petition, Dkt. No. 1, is **DISMISSED** without prejudice; and it is further

**ORDERED**, that the Clerk is directed to serve a copy of this Memorandum-Decision and Order on Petitioner in accordance with the Local Rules.

**IT IS SO ORDERED.**

3

DATED:      April 11, 2024
            Albany, New York

LAWRENCE E. KAHN
United States District Judge